**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-14023
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

IVETTE MARIA PORTELA MARTINEZ,
MIGUEL ANGEL MONTALVO VILLA,

*Defendants-Appellants.*

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20431-KMM-3

_____

Before ROSENBAUM, LAGOA, and MARCUS, Circuit Judges.

PER CURIAM:

Following a trial, a jury found Miguel Montalvo-Villa and
Ivette Portela-Martinez guilty of conspiracy to commit wire fraud

and wire fraud.  The jury also found Montalvo-Villa guilty of making a false statement to a United States department or agency.  The district court sentenced Montalvo-Villa to 71 months' imprisonment and Portela-Martinez to 46 months' imprisonment.  Montalvo-Villa and Portela-Martinez appeal their convictions, and Montalvo-Villa appeals his sentence.

Altogether, Montalvo-Villa and Portela-Martinez raise five issues concerning their trial.  Portela-Martinez asserts that the district court erred in denying her Rule 29 motion for judgment of acquittal because, she says, the evidence presented at trial was legally insufficient to prove beyond a reasonable doubt that she knowingly and willfully participated in a conspiracy to commit wire fraud and substantive wire fraud.  She also contends the district court abused its discretion when it declined to admit the findings of the FDA's investigation and when it declined to allow evidence about Garmendia's past clinical work.  And she urges that the court abused its discretion and violated her right to confrontation when it admitted the Actelion letter, which included hearsay.  Montalvo-Villa joins Portela-Martinez's evidentiary challenges.  Besides these alleged errors, Portela-Martinez argues that the district court's jury instructions improperly diminished the government's burden of proof, and the cumulative effect of these several alleged errors resulted in a fundamentally unfair trial, in violation of the Fifth and Sixth Amendments.

And Montalvo-Villa asserts that the district court drew an impermissible adverse inference from Montalvo-Villa's silence at sentencing.

After careful review and with the benefit of oral argument, we find no reversible error. So we affirm Montalvo-Villa's and Portela-Martinez's convictions and Montalvo-Villa's sentence.

**AFFIRMED.**